PER CURIAM.
L Denied. Relator is not serving an illegal sentence and is not entitled to relief pursuant to La.C.Cr.P. art. 882. See La. R.S. 15:301.1(A).
Relator has filed and fully litigated multiple, repetitive applications for post-conviction relief in the state courts. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the nar *959 row circumstances provided in La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have been fully litigated in accord with La.C.Cr.P. art. 930.6. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies or that he is serving an illegal sentence, relator has exhausted his right to state collateral review.